UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anne Theresa Wills,

    Plaintiff,

v.                                                       Case No.: 15-10778

RLJ II - MH Pontiac Leasee, LLC,             Honorable Sean F. Cox

    Defendant.

_____/

## ORDER DISMISSING CASE

This action was originally filed on March 3, 2015. (Complaint, Doc. #1). Plaintiff filed a Second Amended Complaint on June 1, 2015, asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff's Second Amended Complaint added Defendant RLJ II - MH Pontiac Leasee, LLC and removed the previous Defendant Marriott Hotel Services, Inc. (Doc. #11).

On June 3, 2015, this Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. #12). In that Order, the Court explained that, for purposes of diversity jurisdiction, an LLC has the citizenship of its members. (Doc. #12). The Court stated that Plaintiff failed to adequately allege the citizenship of Defendant RLJ II - MH Pontiac Leasee, LLC because it failed to allege the identity and citizenship of its members. (Doc. #12).

Plaintiff filed a response to the Court's Order to Show Cause on June 3, 2015. (Doc. #13). In the response, Plaintiff states that "RLJ II - MH Pontiac Lessee, LLC is a Delaware corporation whose resident agent in Michigan is located in Portage, Michigan and whose principal place of

business in Michigan is located in Auburn Hills, Michigan." (Doc. #13 at ¶ 2).

On June 5, 2015, this Court issued a second order requiring Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. #15). The Court explained that

> For purposes of diversity jurisdiction, a limited liability company is to be treated as a separate entity from that of a corporation. *Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990). A limited liability company "has the citizenship of its members." *Homfeld II, LLC v. Comtair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009).
> "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. **And because a member of a limited liability company may itself have multiple members - and thus may itself have multiple citizenships - the federal court needs to know the citizenship of each 'sub-member' as well.**" *Delay*, 558 5.3d at 1005.

(Second Show Cause Order, Doc. #15 at 2) (emphasis added).

On June 15, 2015, Plaintiff filed a response to the second show cause order. (Doc. #16). In that response, Plaintiff states that she is a resident of Ontario, Canada, and that "[t]he discovery performed . . . indicates that 100% of all members of the defendant limited liability corporation is comprised of other limited corporations whose members are domiciled in states other than the State of Michigan." (Doc. #16 at 2). Plaintiff attached requests to admit and interrogatories obtained from Defendant wherein Defendant admits that all of its members are citizens of a state other than Michigan. (Doc. #16 at Ex. 2). Defendant states that it has one member, which is another LLC. (Doc. #16 at Ex. 1).

On July 7, 2015, this Court issued a third Order to Show Cause, finding that Plaintiff had failed to allege or establish complete diversity of citizenship of the parties. The Court explained that "because Plaintiff alleges that she is a citizen of Ontario, Canada, Plaintiff must establish that no

Defendant is a citizen of Canada." (Third Show Cause, Doc. #18).  Plaintiff also failed to allege the identity and citizenship of members of RLJ Lodging II REIT Sub, LLC, which is a member of Defendant RLJ II - MH Pontiac Lessee, LLC.  (Doc. #18).  The Court ordered Plaintiff to respond to the third show cause order, in writing, no later than July 21, 2015.  (Doc. #18).  The Court warned that if Plaintiff failed to satisfy the Court of its jurisdiction over this matter, the case would be dismissed for lack of subject matter jurisdiction.  (Doc. #18).

Plaintiff has failed to file a response to the Third Show Cause Order, and the time for doing so has passed.  Therefore, because Plaintiff has failed to satisfy the Court of its jurisdiction over this matter, the Court shall DISMISS this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  August 5, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 5, 2015, by electronic and/or ordinary mail.

                S/Jennifer McCoy
                Case Manager